## RECONSTRUCTION FINANCE CORPORATION v. MARKS et al.

### Civ. A. No. 140-C.

District Court, N. D. West. Virginia.

Jan. 13, 1942.

See, also, 42 F.Supp. 901.

John S. Stump, Jr., and Ray Ash, both of Clarksburg, W. Va., for plaintiff.

Haymond Maxwell, Sr., Charles C. Scott, and Clarence Rogers, all of Clarksburg, W. Va., for defendants.

HARRY E. WATKINS, District Judge.

In this action plaintiff asks judgment against defendants for $36,175, the same representing principal and interest upon a negotiable promissory note in the principal amount of $25,000, signed by defendants. The note is dated March 22, 1927, is payable one year after date to the order of West Virginia Bank, and endorsed by the bank to plaintiff as collateral to secure a loan made by plaintiff to the bank. The case was submitted to the court in lieu of a jury.

The only defense asserted is that defendants are entitled to additional credit, aggregating $8,890, because of eighteen payments made, but not credited, upon this obligation.

The evidence shows that these payments were received by plaintiff from defendant, Jack Marks, and credited upon another note upon which Marks was indebted to plaintiff. This latter note was thereby paid off and returned to Marks on June 22, 1938. Upon learning that these payments had been thus applied, Marks made no objection. No written requests or directions were given by debtors as to application of payments. Marks' own evidence is most uncertain and indefinite as to what, if any, verbal requests were made at the time the checks were handed to the bank clerk. While Marks says that he intended the payments to be applied to the note in suit, he admits that after he had learned in 1938 that they had been applied to the other note, he knew of nothing he could do about it, and accepted the situation as it had been handled.

Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, my findings of fact and conclusions of law are as follows:

### Findings of Fact.

I. Plaintiff, Reconstruction Finance Corporation, is the holder as pledgee of the note in suit. A substantial balance, in excess of $100,000, remains unpaid upon the debt of West Virginia Bank to plaintiff, for which debt the note in suit is held by plaintiff as collateral security.

II. Interest has been paid on the note to August 1, 1934. Nothing has been paid upon the principal. The unpaid principal and interest to date of trial aggregate $36,-175.

III. Defendants have not paid the sum of $11,500, as alleged in their second amended answer, or any part thereof upon the note in suit. The defendants have been credited with all payments to which they are entitled.

### Conclusions of Law.

The plaintiff is entitled to judgment against the defendants for the principal amount of the note, with interest from August 1, 1934, to the date of trial, amounting in the aggregate, principal and interest, to $36,175, and its costs. An order may be entered accordingly.